# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

FEBRUARY TERM, 1881.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

ELIZA P. WANZER, administratrix,

*v.*

KATE ELDRIDGE, guardian &c.

Under an order of the orphans court, an administratrix sold lands of her intestate to pay debts. The sale was announced as being made free of encumbrances, and the property was struck off at $2,900, and the sale confirmed by the court. Afterward, the purchaser refused to comply with his bid, because a sewer assessment and two judgments against former owners of the premises were liens thereon. The assessment was paid off before, but the judgments not until after, the expiration of the time for completing the sale. The administratrix then obtained an order vacating the confirmation order, re-advertised the property and tried, without success, to sell it again; she also petitioned the court for directions in the premises, but this petition was dismissed.— *Held,*

(1) That she was not chargeable with the $2,900.

(2) That her petition for directions was properly dismissed.

---

Appeal from decree of Middlesex orphans court. On testimony and state of the case.

(511)

*Mr. S. D. Grimstead*, for appellant.

*Mr. C. T. Cowenhoven*, for respondent.

THE ORDINARY.

The orphans court charged the appellant, in her intermediate account of her administration, with the amount of $2,900 of the purchase-money at which certain real estate of the intestate was sold by her to raise money to pay debts, under an order of the orphans court. The order was made March 16th, 1875. The purchasers were Francis M. Oliver and Jarvis Wanzer, jun. The sale was duly reported to the orphans court, and was confirmed June 1st, 1875. Subsequently, the purchasers having refused to accept the deed and complete their purchase, she applied to the orphans court for an order setting aside the order of confirmation, and for a new order of sale. It appears, by the state of the case, that this application was granted, and she was orally (but no order was entered) directed by the court to proceed to sell the property again, and then report the whole proceedings. She accordingly again advertised the property, and put it up for sale, but has not been able to get any bid for it, and it still remains undisposed of. The intermediate account above mentioned was rendered in pursuance of the requirement of a citation. The administratrix did not charge herself therein with the $2,900, or any part of it; nor did she ever receive it, or any part of it. The respondent excepted to the account because the administratrix had not charged herself with the $2,900. Before the exception came on for hearing, the administratrix applied by petition, to the orphans court, for direction in the matter of the sale, but the prayer of the petition, after hearing thereon, was denied. It appears that at the sale at which Oliver and Wanzer purchased it was orally stated by the auctioneer, immediately after he read the conditions, which were in writing, that the property was to be sold free of all encumbrance. Oliver swears to the fact distinctly and explicitly. He testifies, further, that the administratrix also told him the same thing. The auctioneer swears that he said in the presence of all, in answer to

a question, that the property was to be sold free of encumbrances, and he adds that he presumes that that statement is in the conditions. It appears, however, that it is not. The administratrix corroborates Oliver. She swears that she told Wanzer positively that if he should buy the property, he should have a title free from all encumbrance—that she would clear it of all encumbrance. She says, also, that she told the auctioneer to sell free from all encumbrances. She also says that she did not then know of the existence of the judgments hereinafter mentioned. There is no room to doubt that the property was sold free of all encumbrance. Oliver placed in the hands of his counsel $2,200 in cash and his note for $700, for the purchase-money, to be handed over when the title should be approved by his counsel. The property, at the time of the sale, was subject to a sewer assessment of $700, and also to the lien of two judgments for about $4,000, against previous owners. The administratrix, on the 26th of July, 1875, tendered a deed, duly executed, to the purchasers, and required them to complete the purchase. It would seem that the sewer assessments had then been paid by her. They referred her attorney, who made the tender, to their counsel, who refused to accept the conveyance, on the ground that the property was subject to the lien of the judgments. The administratrix proceeded to obtain a release of the property from that lien, and when, after having succeeded in doing so, she again (but not till after the time fixed in the conditions of sale for the delivery of the deed had passed) tendered the deed to Oliver and his counsel, they refused to accept it, saying that they had made other disposition of the money which Oliver had left in the hands of his counsel, and had given up the idea of taking the property, and had supposed that the administratrix had also abandoned all expectation that they would take it. Upon the foregoing statement of facts, there appears to be no ground for charging the administratrix with the purchase-money. The decree of the orphans court, allowing the exception and surcharging the account, will be reversed, with costs.

The administratrix appealed, also, from the order denying the prayer of her petition for direction as to her further proceedings

in reference to the sale of the land. The orphans court was right in that matter. The purchasers having failed to complete their purchase, it was the duty of the administratrix to proceed to a resale without further order. The order complained of will be affirmed, with costs.